IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:07-155-JFA |
|---|---|---|
| v. | ) | ORDER |
| BRODERICK HILLER | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motion (ECF No.1684) is denied. The defendant was sentenced on April 28, 2008, to a term of imprisonment of 135 months after his guilty plea to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine and a quantity of marijuana. The defendant had a prior felony drug conviction which subjected him to enhanced penalties pursuant to 18 U.S.C. § 851.

In this case, the defendant's guideline sentence was a base offense level of 34 (770 grams of crack) plus 2 levels for firearms, minus 3 levels for acceptance of responsibility, for an offense level of 33. Coupled with a criminal history category of IV, this produced a

range of 188 to 235 months. However, due to the statutory mandatory minimum sentence of 240 months due to his prior conviction, 240 months became his guideline range.

The government filed a Section 5K1.1 motion for substantial assistance and the court departed four levels from the first level, 34, to a level 30. With a criminal history category of IV, this produced a range of 135 to 168 months, and the court sentenced the defendant to the low end of 135 months.

Had the defendant not been subject to the 240-month mandatory minimum, his guideline range, even with the four-level departure under Section 5K1.1, would have resulted in the same sentencing range which was imposed on April 30, 2008. Amendment 750 does not apply because it does not have the effect of lowering the defendant's guideline range, due to the application of the mandatory minimum sentence from which the court departed. For this reason, the motion is denied.

IT IS SO ORDERED.

September 5, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge